STEELE et al., Respondents, v. DARNER, Appellant.

**St. Louis Court of Appeals, April 16, 1907.**

1. **NEGLIGENCE: Fires: Willfully Setting Fire.** Where a person in order to protect his farm against forest fires attempted to "back-fire" around his farm and in doing so set out fire which he negligently permitted to spread upon the premises of another, he was liable for the damage caused thereby as having willfully caused the fire to be set out. ᾿

2. **PRACTICE: Parties: Shifting Position.** Where a man and wife were parties plaintiff, the wife being an unnecessary party, and where the plaintiffs offered to dismiss as to her and the defendant objected, the defendant could not afterwards be heard to complain that she was not a necessary party.

3. ————: **Evidence: Harmless Error.** In an action for damages to plaintiff caused by the willful setting out of fire by the defendant which spread to the plaintiff's premises, the exclusion of evidence of a custom among the neighbors to agree and meet on a certain day for the purpose of back-firing, if erroneous, was not available to the defendant where the evidence showed no agreement or meeting for the purpose.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*F. P. Lindsay* and *George Hubbert* for appellant.

The verdict and judgment should have been in favor of the defendant upon the facts under the law. For even under the "damage" statute for willfully setting out fire the law as declared by the circuit court for paintiffs does not purport to be under any statute, or seek any remedy provided by statute; nor does the complaint state or the evidence prove any common law cause founded in negligence or unlawful design. Russell v. Reagan, 34 Mo. App. 242; Potter v. U. S., 155 U. S. 446; State v. Grassie, 74 Mo. App. 316.

*James A. Sturges* for respondents.

The term "willfully" is properly defined. To give it the criminal significance claimed by the defense would virtually destroy the efficacy of the statute. Such construction would require the defendant to commit arson in order to be liable for damages. All the statute requires is an intention to set fire to the woods. Findlay v. Langston, 12 Mo. 121; Kahle v. Hobein, 30 Mo. App. 476.

BLAND, P. J.—The action is to recover damages caused by fire, which the petition alleges was willfully set on land of D. K. Hurst and land of plaintiff by defendant, in the month of November, 1904. The evidence shows that plaintiff Hurst and defendant owned and resided on adjoining farms in the southwest corner of McDonald county and were neighbors; that in November, 1904, the weather was dry and they apprehended danger of injury to their farms by fire from the adjacent woods; that an effort had ben made by defendant and others to get the neighbors to agree upon a day when they would all meet and back-fire around their several farms to protect them from any fire that might be set in the surrounding woods. No day was finally agreed upon by all of them, but about the last day of November defendant, Hurst and one or two others agreed on a day to back-fire and met at Hurst's place, and sent word to plaintiff they were going to fire about 12 o'clock. Plaintiff (M. J. Steele) was not able to get out, and sent word to defendant that he did not want to fire on that day and warned him not to burn his woods. Mrs. Steele went to Hurst's and saw that preparations were being made by defendant and others to set out fire on Hurst's premises, but testified that defendant told her he would not set out fire unless more help came, and that she left under the impression that fire would not be set out on that day. De-

fendant and others raked leaves back from Hurst's premises and the fire was set by defendant's order. As it gained headway the velocity of the wind increased and the fire was carried on to a thirty-acre field, belonging to plaintiff, inclosed by a rail fence and upon which was an orchard. The fence was burned to the ground and the fire spread through the orchard. An old house in the field was saved by the efforts of Mrs. Steele and the help of others. The evidence shows no precautions were taken by defendant to prevent the fire from spreading from Hurst's lands to plaintiff's. Defendant's evidence tends to show that Mrs. Steele agreed that the fire might be set at the time it was, but there is no evidence that M. J. Steele, to whom the land belonged, gave his consent; on the contrary, it is all one way that he objected to fire being put on that day.

The verdict was for plaintiff's for sixty-five dollars. There is substantial evidence in the record in support of the allegations of the petition, that defendant willfully caused the fire to be set out, and it also tends to show that he knew that it would, in all probability, spread to plaintiff's field.

Mrs. Steele was an unnecessary party plaintiff, and at the commencement of the trial plaintiff offered to dismiss as to her. Defendant objected but now contends that the judgment should be reversed because she was an unnecessary party, a contention that put the defendant in the attitude of shifting his position; for this reason the objection will not be noticed.

Defendant offered to show a custom of the neighbors to agree on a day to meet to burn the woods. The court refused to admit the evidence, which ruling is assigned as error. The error, if error it was, cannot avail the defendant, for the reason the evidence shows the neighbors did not agree to, nor meet on the day the fire was put out. Error is also assigned to the giving of certain instructions for plaintiff. Under the undisputed

facts, showing that plaintiff was sick, unable to go out, and objected to fire being put out on that day; and under the further evidence showing that defendant willfully caused the fire to be set out and negligently permitted it, without hindrance, to spread upon plaintiff's premises, we think the judgment is manifestly for the right party and should be affirmed, notwithstanding erroneous instructions may have been given.

The judgment is affirmed. All concur.